## THOMAS YOUNG *vs.* DANIEL A. SMITH.

A defendant is not estopped from alleging that he has no title to premises because in an action of ejectment brought against him by the plaintiff theretofore to recover one undivided fourth part of the same premises, he pleaded not guilty, and also title to the said premises under the statute of possessions, and thereupon a verdict was returned in favor of the plaintiff, upon the issues in both pleas, and judgment rendered thereon for the plaintiff to recover possession of one fourth part of said premises.

ACTION for partition of a certain piece of land described in the declaration as 16 acres and 44 rods of land, " whereof Phebe Pike died seised," plaintiff averring that it appertains to him to have one fourth and the defendant three fourths part thereof.

The plaintiff in a former suit claimed under a deed made in 1827, given under a power of attorney dated in 1817, to be entitled to one fourth or one third of a certain piece of land which now constitutes a part of the farm occupied by the defendant, but belonging to the wife, as appears of record. The plaintiff brought his suit in this court against the defendant in trespass and ejectment to recover possession of one third or one fourth of the premises, alleging that he was entitled to one third or one fourth as tenant in common with the defendant, and this defendant in that suit pleaded title by possession and the general issue, and the jury found that the defendant was *not* entitled by possession as he pleaded, and found a verdict of guilty upon the general issue.

Young *v.* Smith.

The defendant now pleads in this suit that at the time of bringing the same he did not hold the premises with the plaintiff, and that it does not appertain to the defendant to have three fourths part, or any part of said premises.

The plaintiff replies in substance to that plea that the defendant is estopped from denying his title to three fourths of said premises by his pleading in the former suit, and by the finding of the jury therein. To this replication the defendant demurred, and the case was now heard upon the demurrer.

*Payne & Colwell,* for the defendant, in support of the demurrer. 1st. In the former suit the only question was whether the plaintiff was entitled to the possession of one third or one fourth of the premises. The plaintiff in that suit was relying upon the strength of his own title, and in order to maintain trespass against the defendant was obliged to make out *his* title to the one third or one fourth which he claimed.

The only material issue in the former case was the title of the plaintiff to the one third or one fourth of the premises, and the verdict and judgment in that case only settle the question of the plaintiff's title to the said one third or one fourth.

In order to make a judgment effectual as an estoppel, it must appear that the facts were actually passed upon by the jury in the former case, and if the pleadings do not show it, and no evidence is introduced, the record is only evidence of what is necessarily put in issue by the pleadings. Herman's Law of Estoppel, sec. 89, pp. 92, 93, 94 ; 2 Smith's Lead. Cas. 665, n.

2d. As to the pleadings in the old case operating as an estoppel. The defendant in the old case did not deny or take any notice of the statement of his, Smith's title, except in the traverse at the end of each plea for possession. He does not in any other manner answer the statement in the plaintiff's declaration, that he, Smith, was the owner of three fourths of the premises. The statement in the declaration was immaterial, and it was immaterial to notice it at all in the plea of the defendant. If the judgment and verdict do not estop, how can the statement of the plaintiff, once made in a former case, estop the defendant from saying the same thing now. The traverse is simply a denial that he, the defendant, is tenant in common with the plaintiff, which is just what the defendant says now.

*Browne & Titus*, for the plaintiff, *contra*. I. The facts stated in plaintiff's replication of estoppel are confessed by defendant's demurrer.

II. The matter set up in bar of this action by defendant's plea was in issue in the former suit, referred to in plaintiff's said replication between the same parties, and the jury found therein in favor of plaintiff; and " Where the matter in question has been tried in a particular issue in a former suit between same parties, and there has been à finding thereon by a jury, such finding operates as an estoppel provided it be specially pleaded and relied on as such." 1 Chitty's Pleadings, 604, note *o ; Outram* v. *Morewood*, 3 East, 346 ; *Hooper* v. *Hooper*, 1 M'Clel. & Y. 509 ; *Vooght* v. *Winch*, 2 B. & Ald. 662 ; *Kelleran* v. *Brown*, 4 Mass. 443 ; *Church* v. *Leavenworth*, 4 Day, 274; *Canaan* v. *Greenwoods Turnpike Co.* 1 Conn. 1.

III. It is no objection to the replication in estoppel that the judgment therein referred to and set up in bar of defendant's plea does not bind others that may be interested. " In no case of contested title does the judgment bind strangers to the suit. It binds merely the parties and their privies. The question is still left open to other claimants." *Gardner* v. *James*, 5 R. I. 240, 241.

IV. The defendant, in the action of ejectment between these same parties, set up a claim to the whole of the *locus in quo*. In this action he denies ownership of any part thereof. " Any confession or admission, express or implied, upon the pleadings, operates as an estoppel in a subsequent suit between same parties as to the matter admitted." Steph. Pl. 238 ; *Wood* v. *Jackson*, 8 Wend. 1 ; *Touns* v. *Nims*, 5 N. H. 259 ; *Wright* v. *Butler*, 6 Wend. 284.

BRAYTON, C. J. The declaration in this case alleges that the plaintiff and defendant hold together, and are seised and possessed as tenants in common in their own right of the premises described, whereof it appertains to the plaintiff to have one fourth thereof to him and his heirs, and to the defendant three fourths part thereof to him and his heirs, in proportion and manner, and of such estate to the plaintiff unknown, to hold to them in severalty. To this declaration the defendant has pleaded that at the time of the commencement of this suit he did not hold to-

gether with the plaintiff the premises described in the plaintiff's declaration, and it did not appertain to him, the defendant, to have three fourths part thereof, or any part thereof to him and his heirs, to hold to him or them in severalty.

The plaintiff has replied to this plea that the defendant is estopped to allege that he has no title to the premises, because heretofore he, the plaintiff, commenced an action of ejectment against said defendant, to recover one undivided fourth part of the same premises, alleging such title in himself that the defendant was tenant in common with him of the other three fourths part, and had ejected and put out the plaintiff from the possession, and still held him out. That the said defendant pleaded thereto, first, that he was not guilty; and, secondly, that at the time of the commencement of said action he, and those under whom he claimed, had been for the space of twenty years prior thereto in the uninterrupted, quiet, peaceable, and actual seisin and possession of the premises described, during all said time claiming the same as his and their proper sole and rightful estate in fee simple, *without this*, that the plaintiff was tenant in common of said land with defendant, and seised and possessed of the same as owner of one fourth part thereof. The allegation of the declaration that the defendant was owner in fee of three fourths, is not noticed, and is neither admitted nor traversed.

The replication further alleges that issue was joined upon the plea of not guilty, and that the defendant's second plea in bar was put in issue. And upon trial the jury returned a verdict in favor of the plaintiff upon both issues. And judgment was rendered thereon for the plaintiff, to recover possession of one undivided fourth part of said premises. And further avers that the title of the defendant to said premises is the same now as at the rendition of said judgment against him in ejectment. And he prays judgment, if the defendant ought now to be admitted, against the said record, to aver that he did not hold together with the plaintiff the premises described in plaintiff's declaration, and it did not appertain to the defendant to have three fourths, or any part thereof.

To this replication there is a general demurrer. The question is, if there is anything in this record as set forth in this replication that should prevent the defendant from now averring that

he has no estate or interest in the premises of which the plaintiff claims partition. The rule of law which the plaintiff calls to his aid in support of his replication is doubtless well settled, that when the matter pleaded had been put directly in issue in a former suit between the same parties and the jury had rendered a verdict therein, such verdict would operate as an estoppel to either party who would aver against the finding ; and if the matter of the defendant's plea in this case were in issue in the suit in ejectment, and the verdict of the jury determined that issue, he could not aver against it. Neither party could.

The plaintiff claims that the matter set up on this plea in bar was in issue in the former suit, and the issue found for the plaintiff, in substance, that it was in issue in the former suit whether the defendant had any estate or interest in the premises described, and that the verdict was that he had ; and so the allegation now, that he has no interest, is against the finding of the jury.

We think the plaintiff's replication fails to show this. The record set out does not show any verdict in the judgment suit, that defendant had any interest in the premises.

The general issue pleaded by the defendant and joined in by plaintiff did not put in issue the title of defendant.

The plea of not guilty was simply a denial of every material allegation of the plaintiff in his declaration, every allegation which the plaintiff was obliged to prove in order to recover in ejectment the one fourth for which he finally had judgment. The matters to be proved were that he, the plaintiff, had a right to the possession of one undivided fourth part of the premises, and that the defendant had ejected him from them and held him out. Upon this proof he would have been entitled to the verdict which he had.

It was not necessary to prove, though he had alleged it, that the defendant owned three quarters or any portion of the premises, as that was not necessary to his recovery. It was an allegation wholly immaterial, and for that reason not traversable. It was not traversed nor put in issue, and the defendant was not called upon to deny it for this reason. The only issue upon trial was the plaintiff's title to one undivided fourth.

The issue raised upon the special plea in bar is substantiated

upon the plaintiff's title and not upon the defendant's. The plea was against the claim of the plaintiff that he had title to an undivided fourth part ; that he, the defendant, had acquired a title under the statute of possessions to the whole of the premises ; and he traversed the plaintiff's allegation of title to one fourth by saying in conclusion, " *without this*, that the plaintiff is owner of one fourth ; " and the issue was if the defendant owned the whole four quarters or the plaintiff one quarter. The verdict was finally that the plaintiff did own one quarter, and that the defendant had not acquired any title by possession as he alleged. Nothing is proved for the defendant, and certainly not that he had any title to any portion of the premises.

The plea now, therefore, that he has no interest in the premises, is not an averment against anything found by the jury upon that issue, nor was it in issue.

The plaintiff claims further, in support of the replication, that the defendant is estopped from denying any ownership of the premises, because in the action of ejectment he set up a claim to the whole of the premises. The rule of pleading which is cited, that " any confession or admission expressed or implied upon the pleadings operates as an estoppel as to the matter admitted," as a general rule, in its proper application, is not questioned ; but it supposes an admission upon the record of matter material to the right in suit, and matter not traversed and put in issue by the other party. The matter of the plea of title in defendant was affirmed by the defendant, but it was as solemnly denied by the plaintiff, and made matter of question by the parties, to be decided only by the jury. If in this state of the pleadings either could be estopped, both must be, and estoppel against estoppel would leave the matter free. But further, the truth appears by the same record, viz., by the verdict, which finds that the defendant had not title in himself, and the verdict concludes the matter consistently with the defendant's plea in the case.

We see, therefore, nothing in the record set out in the plaintiff's replication that should estop the defendant's denying any title in the premises as by his plea he has alleged, and

*The demurrer must be sustained. The replication overruled.*